J-S89027-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| MATTHEW HENDRICKS, | |
| Appellant | No. 234 EDA 2016 |

Appeal from the PCRA Order December 23, 2015
In the Court of Common Pleas of Lehigh County
Criminal Division at No(s): CP-39-CR-0003173-2009

BEFORE:  SHOGAN, MOULTON, and FITZGERALD,[*] JJ.

CONCURRING AND DISSENTING MEMORANDUM BY SHOGAN, J.:**FILED JULY 11, 2017**

I respectfully note my disagreement with an aspect of the Majority Memorandum in this case.  Following my review of the record, I conclude that the first issue is waived.  I agree with the Majority's disposition of Appellant's second issue.

The Majority mistakenly plunges into consideration of the merits of Appellant's issues without any evaluation concerning whether Appellant's PCRA petition established Appellant's eligibility for relief pursuant to 42 Pa.C.S. § 9543, or whether his claims were previously litigated or waived, 42 Pa.C.S. § 9544.  Our Supreme Court reiterated guiding legal principles in such a case, as follows:

---

[*] Former Justice specially assigned to the Superior Court.

To be entitled to relief under the PCRA, a petitioner must establish, by a preponderance of the evidence, that his conviction or sentence resulted from one or more of the errors enumerated in 42 Pa.C.S. § 9543(a)(2), and that his claims have not been previously litigated or waived. 42 Pa.C.S. § 9544. An issue is previously litigated if "the highest appellate court in which [the appellant] could have had review as a matter of right has ruled on the merits of the issue." *Id*. § 9544(a)(2). An issue is waived if the appellant "could have raised it but failed to do so before trial, at trial, . . . on appeal or in a prior state postconviction proceeding." *Id*. § 9544(b).

*Commonwealth v. Johnson*, 139 A.3d 1257, 1272 (Pa. 2016).

Appellant's PCRA allegation that the Commonwealth's failure to inform the defense, in violation of *Brady v. Maryland*, 373 U.S. 83 (1963),[1] that Janelle Gordon recently revealed Appellant was not involved in the 2007 killing of David Rivera is reminiscent of Appellant's claim raised in his post-sentence motions and addressed on direct appeal that there existed exculpatory after-discovered evidence from Clyde Lont that Appellant was not involved in the murder of David Rivera. *Commonwealth v. Hendricks*, 64 A.3d 271 (Pa. Super. 2013) (unpublished memorandum at 2 n.3). I thus conclude this claim is waived.

Under the PCRA, an issue is waived "if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or

---

[1] Under *Brady* and subsequent decisional law, "a prosecutor has an obligation to disclose all exculpatory information material to the guilt or punishment of an accused, including evidence of an impeachment nature. *See*, *e.g.*, *Commonwealth v. Hutchinson*, 611 Pa. 280, 25 A.3d 277, 310 (2011)." *Commonwealth v. Roney*, 79 A.3d 595, 607 (Pa. 2013).

in a prior state postconviction proceeding." 42 Pa.C.S. § 9544(b). Here, I observe that **Brady** is not violated when the appellant knew or, with reasonable diligence, **could have uncovered** the evidence in question, or when the evidence was available to the defense from other sources. **Roney**, 79 A.3d at 608 (emphasis added).

In his post-sentence motions, Appellant sought a new trial based upon after-discovered evidence that Clyde Lont, Appellant's co-defendant, stated that Appellant was not involved in the shooting of David Rivera. This claim was addressed and rejected by the trial court and affirmed by this Court in Appellant's direct appeal. **Hendricks**, 64 A.3d 271 (unpublished memorandum). Thus, counsel was placed on notice that Appellant was not involved in the crime. The witness who most recently allegedly told counsel that Appellant was not involved in Rivera's shooting, Janelle Gordon, was "an important Commonwealth witness at trial," as described by Appellant himself in his PCRA petition. PCRA Petition, 6/19/14, at ¶12. Moreover, at the hearing on post-sentence motions on August 16, 2011, Mr. Lont testified that he had been in a vehicle with Ms. Gordon earlier the day of the shooting, that they had driven by the victim's house, and that Mr. Lont and Ms. Gordon lived together one and one-half blocks from the victim. N.T., 8/16/11, at 12. At the PCRA hearing, Ms. Gordon testified that in 2008, she provided extensive testimony to the defense concerning Mr. Lont and Appellant. N.T., 10/29/14, at 30–31.

Appellant does not offer any explanation why defense counsel could not have uncovered the alleged *Brady* violation with reasonable diligence. *See Roney*, 79 A.3d at 609 (issue waived where the appellant did not explain why prior counsel could not have uncovered the alleged *Brady* violations with reasonable diligence). As Appellant noted, Ms. Gordon was a significant witness at trial. She offered extensive evidence while in the office of trial counsel. She was the girlfriend of Mr. Lont. The issue of after-discovered evidence was presented in post-sentence motions and addressed on direct appeal. I believe that with reasonable diligence, Appellant could have uncovered the evidence in question or it was available to the defense from sources other than the Commonwealth. Thus, I conclude the issue is waived.

As I concur with the disposition of Appellant's second issue, I respectfully concur and dissent.